UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                      Case No. 24-cr-20680

      v.                                Hon. Jonathan J.C. Grey

ROMELLE DESHAUN STEVENS,

      Defendant.
_____/

## ORDER CONTINUING THE PLEA CUTOFF DATE, PRETRIAL CONFERENCE DATE, AND JURY TRIAL DATE AND DETERMINATION OF EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion regarding the trial, and for a finding that the time period from May 27, 2025, to August 20, 2025, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' request outweigh the best interests of the public and the defendant in a speedy trial and that the time from the May 27, 2025, to August 20, 2025, qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- At the Status Conference on April 30, 2025, the defendant formally rejected the government's proposed plea offer pursuant to Federal Rule of Criminal Procedure 11. The offer remains open at this time.

- The Court scheduled a final pretrial conference on July 29, 2025, and a jury trial date on August 20, 2025. The defendant agreed to these dates and waived his speedy trial rights.

- In the event that the parties are not able to resolve this matter prior to trial, the parties will need additional time to complete the exchange and review of discovery in this case, which includes body-worn camera footage. Thus, while the parties are working diligently to complete the discovery process, the parties need the requested additional time to complete the discovery process and review the materials.

- As a result, the parties agree that the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- As a result, failure to grant the parties' request would unreasonably deny defense counsel and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize

that it would be unreasonable to expect adequate preparation for the trial before the expiration of the Speedy Trial Act's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

**IT IS THEREFORE ORDERED** that the time from May 27, 2025, to August 20, 2025, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7), because the Court finds that the ends of justice served by continuing the trial for this period outweigh the best interests of the public and the Defendant in a speedy trial for the reasons stated above. Accordingly, the time period from the May 27, 2025, to and including August 20, 2025, constitutes excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (iv).

**IT IS FURTHER ORDERED** that the following dates will apply in this case:

- Plea cutoff date: July 29, 2025.
- Final pretrial conference date: July 29, 2025, at 4:00 PM
- Jury trial date: August 20, 2025, at 8:30 AM

**IT IS SO ORDERED.**

Date: May 2, 2025

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2025.

                                  **s/ S. Osorio**
                                  Sandra Osorio
                                  Case Manager